Max Zeigler & Bros., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 8467.   Promulgated June 27, 1928.

*Jackiel W. Joseph, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

Murdock: The Commissioner determined a deficiency in tax for the calendar year 1918 in the amount of $10,565.17. The petition contained the following allegations of error:

(a) The Commissioner erred in that he has assessed the tax on the basis of a revenue agent's report, wherein the agent includes as income items that are not income to the taxpayer under the law and regulations for the purpose of determining the taxable net income.

(b) The Commissioner erred in that he failed to assess the profits tax for the year 1918 under the provisions of Sections 327 and 328, Revenue Act of 1918.

Accompanying the deficiency notice was a statement as follows:

1918

Deficiency in Tax $10,565.17

*Adjustment of net income*

| | |
|---|---|
| Net income as shown on books | None. |
| Income from operating profits | $20,406.68 |
| Add: | |
| Interest received | 13.00 |
| Income from adjustment of note | 1,000.00 |
| Partnership income | 3,703.92 |
| Net income adjusted | 25,123.60 |

Books and records were not maintained in such shape that Income was reflected. Income in the agent's report arrived at by using detail of audit prepared by accountants employed by taxpayer and adding thereto partnership income.

Income has been increased by interest received. Article 31, Regulations 45. The item of $1,000.00 represents a profit on a note given for merchandise.

Inasmuch as the income from partnership cannot be segregated it has been included in net income.

*Adjustment of invested capital*

| | |
|---|---|
| Invested capital—previous examination | $11, 666. 67 |
| Additions from 1917 income | 14, 753. 56 |
| Total | 26, 420. 23 |
| Less: | |
| 1917 Federal Income tax, $7,346.68 prorated | 4, 025. 58 |
| Invested capital adjusted | 22, 394. 65 |

No records were avaliable for the computation of invested capital, therefore the invested capital as used in previous examination is accepted and adjusted by the proration of Federal income tax in accordance with Article 845, Regulations 45.

### COMPUTATION OF TAX

Inasmuch as your profits tax when computed under Section 301(a) exceeds the limitations as presented under Section 302 of the Revenue Act of 1918, your profits tax is computed as follows:

| Net income | Credit | Remainder | Rate | Tax |
|---|---|---|---|---|
| $20, 000. 00 | $3, 000. 00 | $17, 000. 00 | 30 | $5, 100. 00 |
| 5, 123. 60 | ---------- | 5, 123. 60 | 80 | 4, 098. 88 |
| 25, 123. 60 | 3, 000. 00 | 22, 123. 60 | -------- | 9, 198. 88 |
| Excess-profits tax | | | | 9, 198. 88 |

*Income tax*

| | | |
|---|---|---|
| Excess-profits tax | | $9, 198. 88 |
| Net income | | $25, 123. 60 |
| Less: | | |
| Profits tax | $9, 198. 88 | |
| Exemption | 2, 000. 00 | |
| | | 11, 198. 88 |
| Balance taxable at 12% | | 13, 924. 72 |
| Tax at 12% | | 1, 670. 97 |
| Total tax liability | | 10, 869. 85 |
| Original tax assessed | | 304. 68 |
| Deficiency in tax | | 10, 565. 17 |

Counsel for the respondent admitted that the Commissioner erroneously added $1,000 to the petitioner's income as income from the adjustment of a note.

The petitioner is an Indiana corporation with its principal office and place of business at Muncie.

Only two witnesses were called, neither of whom knew whether or not the petitioner was entitled to a distributive share of the profits of any partnership in the taxable year or whether it got any share

of any partnership profits, but neither was able to say that the petitioner was not entitled to or did not get profits from a partnership during this year.

In regard to the second assignment of error, the petitioner as heretofore stated, alleges that the Commissioner erred in refusing to assess under sections 327 and 328 of the Revenue Act of 1918. This assignment of error is somewhat amplified in the allegation of facts.

Section 327 of the Revenue Act of 1918 specifies the conditions under which special relief, as provided for in the following section, may properly be applied. Although the petitioner alleges that a condition is presented to the Board involving a case where the Commissioner is unable to determine invested capital, the record shows no evidence having any relation to invested capital. Since the petitioner, however, has asked the Board to determine that a proper case for the application of the relief provisions of the Act exists, it is proper to inquire whether any portion of section 327 may be invoked in this case.

Only one condition specified in that section could by any possibility be applicable to the petitioner's case. Subdivision (d) of the section refers to abnormalities affecting capital or income working a special hardship upon the corporation, evidenced by gross disproportion between the tax computed in the ordinary way and the tax which would result by the use of comparatives.

The only allegation in regard to abnormality is contained in paragraph 3, of the statement of facts, to the effect that the invested capital " admittedly in error as established is considerably less than income thus showing a gross disproportion between the two." Now this allegation, even if it were supported by evidence, presents no case for the application of the relief provisions of the statute. Disproportion between invested capital and income is precisely the condition that the law was designed to reach as indicated by its provisions, and it must be remembered that subdivision (d) of section 327 of the Revenue Act of 1918, contains the following provisions:

* * * This subdivision shall not apply to any case (1) in which the tax (computed without benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital, * * *.

We have no evidence before us to show that the petitioner's invested capital was not normal.

We are therefore unable to find any facts supporting the second allegation of error.

*Judgment will be entered under Rule 50.*